**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1058
_____

YURIY S. EPSHTEYN,
                                        Appellant

v.

POLICE DEPARTMENT OF UPPER PROVIDENCE TOWNSHIP;
LIPPINCOTT, DISTRICT JUSTICE, UPPER PROVIDENCE TOWNSHIP,
DELAWARE COUNTY, PA; FBI PHILADELPHIA;
DISTRICT ATTORNEY DELAWARE COUNTY, PA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-06811)
District Judge: Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2015

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 23, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Yuriy Epshteyn appeals pro se from the order of the United States District Court for the Eastern District of Pennsylvania ("the District Court") dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

I.

This case arises out of a December 2012 motor vehicle accident in Upper Providence Township, Pennsylvania. The Upper Providence Police Department ("UPPD") determined that Epshteyn was at fault for the two-vehicle accident, and issued him a traffic citation for violating 75 Pa. Cons. Stat. Ann. § 3322.[1] Epshteyn later appeared before Delaware County Magisterial District Judge Nicholas S. Lippincott, who found Epshteyn guilty of that traffic violation. Epshteyn appealed that ruling to the Delaware County Court of Common Pleas, which reversed and found him not guilty, apparently "due to [the] absence of [an] opposing party." (Compl. 8.)

In December 2014, Epshteyn commenced this action by filing a pro se civil rights complaint in the District Court against the UPPD, Judge Lippincott, the District Attorney's Office of Delaware County ("DA's Office"), and the Philadelphia branch of the Federal Bureau of Investigation ("FBI"). In the complaint, Epshteyn stated that he

---

[1] That statute provides that the driver of a vehicle intending to make a left turn must yield to "any vehicle approaching from the opposite direction which is so close as to constitute a hazard." 75 Pa. Cons. Stat. Ann. § 3322.

2

strongly believed that the December 2012 accident was actually an attempt on his life, and that the driver of the other vehicle involved in the accident was a hitman. Epshteyn claimed, inter alia, that the UPPD and Judge Lippincott were part of a conspiracy to cover up this attempted murder, and that the DA's Office and the FBI had violated his rights by failing to investigate this conspiracy or the attempted murder. In light of these allegations, Epshteyn sought damages and injunctive relief.

Shortly after the complaint was filed, the District Court screened that pleading pursuant to § 1915(e)(2)(B), which requires a court to dismiss an action if it is frivolous or fails to state a claim on which relief may be granted. On December 9, 2014, the District Court entered an order dismissing Epshteyn's complaint with prejudice.

In its accompanying opinion, the District Court began by determining that the claims against Judge Lippincott were barred by the doctrine of judicial immunity. Next, the District Court explained that Epshteyn did not have a cognizable claim against the FBI. As for the claims against the UPPD and the DA's Office, the District Court determined that Epshteyn had not sufficiently pleaded that a policy or custom was responsible for the alleged violation of his rights, and that these claims otherwise failed because they did not "plausibly establish[] a constitutional violation." (Dist. Ct. Mem. 6.) More specifically, the District Court concluded as follows: (1) Epshteyn could not make out a malicious prosecution claim based on his having to attend court proceedings for the traffic citation; (2) he was afforded due process when he was notified of the traffic citation and given an opportunity to challenge that citation in court; (3) he was not

3

deprived of a cognizable legal interest based on the alleged failure to investigate by the DA's Office; (4) he did not state a viable equal protection claim because he did not allege facts demonstrating that he was treated differently from others who were similarly situated; and (5) his conspiracy claims failed because, inter alia, his "conspiracy theory rises to the level of irrational and delusional, and may be dismissed as frivolous." (Id. at 7.) Lastly, the District Court held that amendment of the complaint would be futile.

Epshteyn now seeks review of the District Court's judgment.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of Epshteyn's complaint pursuant to § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Having carefully considered the record and the parties' briefs, we find no error in the District Court's decision. First, for substantially the reasons set forth in the District Court's cogent opinion, (see Dist. Ct. Mem. 3-8), we agree with the District Court's conclusion that each of Epshteyn's constitutional claims was subject to dismissal as frivolous and/or for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Second, because all of those claims were subject to dismissal, there is no indication that it would have been appropriate for the District Court to proceed on any state law claims that Epshteyn may have intended to raise in his complaint. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district

4

court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quotation marks omitted). Finally, we agree with the District Court that dismissal *with* prejudice was warranted because any amendment to the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).[2]

Epshteyn's contention that the presiding District Judge, the Honorable Legrome D. Davis, was biased against him is unfounded. Furthermore, to the extent that Epshteyn argues that Judge Davis should have recused himself under 28 U.S.C. § 455(a), that argument lacks merit because Epshteyn has not demonstrated that Judge Davis's impartiality in this matter might reasonably be questioned. See 28 U.S.C. § 455(a). To the extent that Epshteyn wishes to recuse Judge Davis now, that request is moot. The remaining arguments raised in Epshteyn's brief are also unavailing.

In light of the above, we will affirm the District Court's judgment. Epshteyn's request for an "[i]njunctive order against foreseeable vengeance" is denied.

---

[2] Although a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), is not cognizable against the FBI itself, such a claim may be brought against individual FBI agents. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71-72 (2001). But even if Epshteyn were to amend his complaint so as to raise his failure-to-investigate claim against one or more individual FBI agents, dismissal would still be warranted. See Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation.") (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).